THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 19-cv-24512

LILIANA MUNOZ,

    Plaintiff,

v.

DOLLAR TREE STORES, INC.,

    Defendant.

_____/

## CONFIDENTIALITY ORDER

THIS ACTION having come before the Court on the Defendant's Unopposed Motion for Entry of Confidentiality Order, and the Court having reviewed the Motion and being fully advised in the premises, it is hereby ORDERED and ADJUDGED as follows:

1.    <u>Definition of Confidential Information</u>

"Confidential Information" is information (regardless of form) produced or furnished by a party or non-party in response to any party's discovery request or inquiry, formal or informal, which the designating party reasonably believes in good faith to constitute or contain information that is of the type referred to in Federal Rule of Civil Procedure 26(c)(1)(G), which, for the purpose of this Order, may include, without limitation, information related to research, development, projections, analyses or studies, market development, marketing, sales, promotion, profits or losses, costs, revenues, other financial or marketing information, pricing, purchasing, contracting, customers or patients, employee labor relations, or other confidential or proprietary information.

2.    <u>Designation of Confidential Information</u>

Confidential Information, as the term is defined herein, and information derived therefrom, may be designated as such by a party in writing, or orally if recorded as part of a deposition or

court proceeding. Information designated as Confidential Information may include information disclosed during interviews, depositions, court proceedings, settlement discussions, or in a document, answer to an interrogatory, admission, production of tangible evidence, testimony, or other discovery response or objection to discovery. Information that a producing party has made generally available to the public, whether or not such publication was made in connection with this lawsuit, shall not be designated as Confidential Information. A party may designate as "Attorneys' Eyes Only" any Confidential Information that consists of highly proprietary business information, which should not be disclosed to any party's operational and business personnel, including, without limitation, business strategy information, pricing information, and trade secrets. Defendants may also designate as "Outside Counsel Only" any Confidential Information that as the designating party they reasonably and in good faith believe is of such a commercially or competitively sensitive nature that disclosure to persons other than those listed in Paragraph 6 as being appropriate recipients of same could reasonably be expected to result in injury.

     3.     <u>Identification of Documents Containing Confidential Information</u>

A producing party shall, at the time of production of a document, designate to the other parties which documents are considered Confidential Information by including on the document (or otherwise marking the document in a way that brings to the attention of a reasonable examiner, upon inspection of the document itself, the request for confidential treatment) the legend "CONFIDENTIAL," "CONFIDENTIAL ATTORNEYS' EYES ONLY," or "CONFIDENTIAL- OUTSIDE COUNSEL ONLY."

Interrogatory answers, responses to requests for admission or production, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain Confidential Information may also be stamped accordingly.

4. <u>Limit on Copying</u>

Confidential Information may be copied and summaries, digests, or abstracts may be made, but all such copies, summaries, digests, and abstracts shall be regarded as Confidential Information and subject to the provisions of this Order.

5. <u>Protection of Confidentiality</u>

Confidential Information and any notes, summaries, digests, memoranda, exhibits, or other documents that include or describe Confidential Information shall be retained by counsel of record and shall not be disclosed to any person except as provided herein. Persons to whom access to Confidential Information is given pursuant to this Order shall keep, and shall employ reasonable precautions to keep, Confidential Information secure in accordance with the purposes and intent of this Order. Absent agreement of the producing party or Order of the Court, Confidential Information shall not be used for any purpose other than litigating this action.

6. <u>Access to Confidential Information</u>

Counsel for all parties are to be governed by the following restrictions in the use and disclosure of the Confidential Information produced and information derived therefrom.

Except on further application to the Court, Confidential Information may not be disclosed except for the purpose of litigating this action. For that purpose only, counsel for the parties may disclose such information to: (a) the Court and its support staff; (b) court or deposition reporters; (c) counsel of record in this litigation; (d) shareholders, partners, associates, secretaries, paralegal assistants, and employees of counsel of record, but only to the extent reasonably necessary to render professional services in this litigation; (e) named parties and their corporate affiliates, officers, directors, employers, employees, or agents, but only to the extent reasonably necessary

to render professional services in this litigation; (f) persons with prior knowledge of the Confidential Information; and (g) jurors.

Confidential Information designated as "Attorneys' Eyes Only" may only be disclosed to: (a) the Court and its support staff; (b) court or deposition reporters; (c) counsel of record in this litigation; (d) shareholders, partners, associates, secretaries, paralegal assistants, and employees of counsel of record, but only to the extent reasonably necessary to render professional services in this litigation; (e) persons with prior knowledge of the Confidential Information; (f) the inhouse attorney (or attorneys) with responsibility for managing this litigation for each Defendant, as well as any in-house attorney in that person's (or persons') supervisory chain (including each Defendant's general counsel), and assigned paralegal(s) or administrative staff.

Confidential Information designated as "Outside Counsel Only" may only be disclosed to: (a) the Court and its support staff; (b) court or deposition reporters; (c) counsel of record in this litigation; (d) shareholders, partners, associates, secretaries, paralegal assistants, and employees of counsel of record, but only to the extent reasonably necessary to render professional services in this litigation; and (e) persons with prior knowledge of the Confidential Information.

In addition, for the purpose of litigating this action, Confidential Information, whether designated "Confidential," "Confidential - Attorneys' Eyes Only," or "Confidential - Outside Counsel Only," may be disclosed to (a) outside consulting or testifying experts or other consultants retained for the purpose of assisting counsel and/or the parties in the litigation; (b) employees of third-party contractors providing litigation support services; and (c) non-party witnesses, only to the extent counsel believes in good faith that the witness has prior knowledge of the Confidential Information; provided, however, that in all such cases the individual to whom disclosure is to be made has signed a confidentiality agreement, substantially in the form of Exhibit A hereto,

containing the recital that the signatory has read and understands this Order and agrees to be bound by its terms, which agreement shall be retained by counsel of record for the party making the disclosure.

Nothing in this provision shall limit any party's ability to seek additional protection for any particular Confidential Information pursuant to Section 10 of this Order ("Right to Seek Additional Protection").

7.  Depositions

Nothing contained in this Order shall prevent the use of Confidential Information, as defined herein, at depositions, with appropriate safeguards. In particular, unless otherwise agreed by the parties, a deponent who is not a party or a present officer, director, employee, or representative of a party shall not be examined about Confidential Information and shall not have Confidential Information revealed to him or her unless he or she has been furnished with a copy of this Order and has read and signed a confidentiality agreement in the form of Exhibit A. Persons in attendance at depositions, other than those listed in Paragraph 6, may be limited at the request of a party during the disclosure of Confidential Information.

A party may designate on the record information disclosed during a deposition as Confidential Information. Regardless of whether such information was designated as Confidential Information at the time of the deposition, each party shall have thirty (30) calendar days after the deposition transcript has been made available to designate as Confidential Information those portions of the deposition testimony or exhibits that they deem to contain or reveal Confidential Information.

Until expiration of the thirty (30)-day period, the entire deposition transcript shall be treated as Confidential Information under this Order, unless otherwise agreed by the parties. If no

party timely affirmatively designates information disclosed during a deposition as Confidential Information, then upon expiration of the thirty (30)-day period, none of the deposition or its exhibits (except those previously designated as Confidential Information) will be treated as designated.

If all or part of the transcript of deposition testimony or exhibits are treated as Confidential Information (whether by automatic operation of this Order or by a party so designating), but are used in other depositions, such Confidential Information and all portions of the transcripts of such other depositions and exhibits thereto that refer to such Confidential Information shall be treated as designated, and if filed with the Court, shall be filed in accordance with Paragraph 8 below.

8. <u>Procedure for Filing Confidential Information to be Filed with Court Under Seal</u>

All portions of any pleadings, motions, briefs, memoranda, or other documents filed with the Court purporting to reproduce, summarize, or paraphrase Confidential Information shall be redacted, filed under seal, or submitted to the Court in such other manner as the parties may agree in writing or the Court may order. A copy of the pleading, motion, brief, memorandum, or other document, as the case may be, shall be filed in the public record with the confidential material redacted.

9. <u>Dispute as to Confidentiality</u>

A party may contest the designation of any information as Confidential Information. A failure to challenge the designation shall not constitute agreement that the designation is valid and shall not prejudice any party. However, a party must challenge the other party's designation of a document as containing Confidential Information no later than sixty (60) days before the pretrial conference or thirty (30) days after receipt of the designation of the document as confidential (whichever is later), or be deemed to have waived its right to challenge that designation.

To contest confidentiality designation, any party shall first object, in writing, to another party's designation of information as Confidential Information. The parties must meet and confer in good faith to try and resolve the contesting party's objection. If, and only if, the parties are unable to resolve the dispute within thirty (30) calendar days of receipt of that writing and following a telephonic meet and confer, then the party alleging that the specified information is not Confidential Information shall, within ten (10) calendar days thereafter, seek an appropriate order from the Court. The party alleging that the specified information is Confidential Information shall have the burden of proving by a preponderance of the evidence that the material is properly classified for the protection sought. The information shall be treated as so designated by all parties until the motion is decided by the Court.

10. Right to Seek Additional Protection

Any party may seek additional protection from the disclosure and use of any documents or information for which it believes this Order does not provide adequate protection, or with respect to documents and information that it believes are not subject to disclosure pursuant to applicable statutes, rules, regulations, or other applicable law.

11. Amendment

This Order may be amended by the written agreement of counsel for the parties in the form of a stipulation subject to approval by the Court. Nothing in this Order shall prevent any party from seeking modification of this Order by the Court or from compelling or objecting to discovery that it believes to be otherwise improper for any reason cognizable under the Federal Rules of Civil Procedure or Evidence.

12. Oral Argument. Trial. and Post-Trial

This Order does not apply to oral arguments before the Court, nor does it apply to a trial by the triers of fact in this case, although any party may seek a protective order with respect thereto. This Order shall apply post-trial to any designated information not in the public record.

13. <u>Disposition on Termination of Action</u>

All provisions of this Order restricting the use of Confidential Information shall continue to be binding on the Parties and all persons who have received information under this Order, after the conclusion of this action. Within sixty (60) days of the entry of any Judgment or Order terminating this action against one or more parties, including any appeals, and unless the parties agree otherwise, each party shall:

    a.    assemble and either turn over to counsel for the terminated producing party or destroy all documents designated as Confidential Information produced by that party, all copies thereof, and all materials, documents, summaries, digests, and abstracts containing Confidential Information and all copies thereof, provided, however, that counsel of record for each party may retain one set of pleadings, documents filed with the Court, depositions, and discovery responses, and may retain any documents and copies thereof that are work product, said materials to remain subject to this Order; and

    b.    each party's counsel shall certify in writing that the procedures set forth in Paragraph 13(a) above have been completed.

14. <u>Retained Jurisdiction</u>

The Court retains jurisdiction to make such amendments, modifications, and additions to this Order as deemed appropriate. The Court further retains jurisdiction to resolve any disputes concerning the disposition of materials containing Confidential Information at the termination of this action.

15. <u>No Waiver of Privilege or Work-Product Protection</u>

If information subject to a claim of attorney-client privilege, work-product protection, or any other privilege or immunity is inadvertently, mistakenly, or otherwise produced, such

production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work-product protection, or other privilege or immunity for such information under the law. If a party has inadvertently, mistakenly, or otherwise produced information subject to a claim of immunity or privilege, and if the producing party makes a request for the return of such information, the information, including all copies and any analyses, memoranda or notes which were internally generated based upon such information, shall be either destroyed and/or returned immediately to counsel for the producing party within five (5) business days of receipt of such request.

16.  <u>Use of Own Materials</u>

Nothing in this order shall prevent a Designating Party from any use of its own documents and information.

17.  <u>Non-Parties</u>

Any non-parties who produce information in this Litigation may avail themselves of the provisions of this Order, and Discovery Material produced by any non-party shall be treated by the parties in conformance with this Order. A non-party shall designate any Protected Discovery Material in a manner consistent with the procedures described in this Order.

18. <u>Reservation of Rights</u>

This Order shall not enlarge or affect the proper scope of discovery in this action. No Party waives any right it otherwise would have to object to disclosing or producing any information on any ground not addressed in this Order, and no Party waives any right to object on any ground to the admissibility, introduction, or use as evidence of any Confidential Information covered by this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this <u>12th</u> day of <u>February,</u> 2020.

*[signature]*
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

All counsel of record

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 19-cv-24512

LILIANA MUNOZ,

    Plaintiff,

v.

DOLLAR TREE STORES, INC.,

    Defendant.

_____/

<u>**CONFIDENTIALITY AGREEMENT**</u>

I, _____, hereby agree to be bound by the Confidentiality Order dated _____2020, entered in the above-captioned litigation pending in the United States District Court for the Southern District of Florida, Miami Division.

_____
Signature

_____
Date