UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-24512-CIV-MARTINEZ/AOR

LILIANA MUNOZ,

    Plaintiff,

v.

DOLLAR TREE STORES, INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Defendant Dollar Tree Stores, Inc.'s ("Defendant" or "Dollar Tree") Motion in Limine Directed to Plaintiff's Expert (hereafter, "Motion in Limine") [D.E. 53]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 61]. For the reasons stated below, the undersigned respectfully recommends that the Motion in Limine be GRANTED IN PART.

**PROCEDURAL AND FACTUAL BACKGROUND**

On September 24, 2019, Plaintiff Liliana Munoz ("Plaintiff") commenced this negligence action against Dollar Tree in Florida state court, as a result of an alleged slip and fall accident at one of its stores on or about July 4, 2016. See Complaint [D.E. 1 at 15–17]. On October 31, 2019, this action was removed to the United States District Court for the Southern District of Florida on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. See Notice of Removal [D.E. 1 at 1–4].

On December 30, 2019, the Court set the following relevant pretrial deadlines:

- 3-30-2020    Parties shall exchange expert witness summaries and reports.

- 7-20-2020    All *Daubert*, summary judgment, and other dispositive motions must be filed.

- 9-11-2020    All Pretrial Motions and Memoranda of Law must be filed.

See Order Setting Civil Trial Date and Pretrial Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate Judge (hereafter, "Scheduling Order") [D.E. 12].  On April 6, 2020, by agreement of the parties, the Court revised some of those deadlines as follows:

- Exchange expert witness summaries and reports: May 22, 2020
- Filing of all Daubert, summary judgment, and other dispositive motions: August 10, 2020

See Agreed Order Revising Scheduling Order Deadlines [D.E. 21].  The 9-11-2020 deadline for filing All Pretrial Motions remained unchanged.  Id.

On May 22, 2020, Plaintiff served on Dollar Tree her Expert Disclosures Pursuant to Federal Rule of Civil Procedure 26 (hereafter, "Expert Disclosure") [D.E. 60-1].  Therein, Plaintiff disclosed Dr. Robert Getter ("Dr. Getter") as a "physician[] and medical provider[] who may testify at trial as to causation and damages . . . ."  Id. at 1.  Plaintiff further stated:

> Dr. Getter is expected to testify within his field of specialty as to his care and treatment of the Plaintiff for the injuries she incurred as a result of her accident, specifically including the surgery and other related medical procedures he, his office staff, or any other medical provider performed as well as his review of any diagnostic films or other records he reviewed during his treatment of Plaintiff.  He is also anticipated to testify regarding the costs associated with those treatments, Plaintiff's need for further treatment, if any, the cost of any anticipated future treatment, the causation of Plaintiff's injuries, as well as his diagnosis and prognosis, the reasonableness of Plaintiff's current/future medical bills, and any work restrictions. . . .

Id. at 1–2.  Plaintiff attached to the Expert Disclosure a Final Narrative Report (hereafter, "Report") [D.E. 60-1 at 4–8] authored by Dr. Getter on May 22, 2020 in which he: identified Plaintiff's medical bills/records that he had reviewed; recounted her course of treatment following the slip

and fall accident with other physicians and himself; described the impressions of her diagnostic studies taken after the slip and fall accident; and set forth his opinions. Id.

On September 10, 2020, Dollar Tree requested an extension of the Court's 9-11-2020 deadline for All Pretrial Motions to September 25, 2020 in order to file the Motion in Limine because it was awaiting the transcript of Dr. Getter's deposition; Plaintiff did not oppose the relief sought by Dollar Tree. See Defendant's Unopposed Motion for Brief Extension of Time to File Motion in Limine Directed Only at Plaintiff's Expert [D.E. 40]. On September 11, 2020, the Court granted the requested extension of time and cautioned that "the extension shall not be construed as an extension of the deadline for Daubert motions, which were due over one month ago." See September 11, 2020 Order [D.E. 41].

On September 25, 2020, Dollar Tree filed the Motion in Limine arguing that Dr. Getter's Report did not comply with the requirements Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure (hereafter, "Rule 26(a)(2)(B)") because Dr. Getter's opinions are "baseless" and are devoid of any "reasoning or explanation." See Mot. in Limine [D.E. 53 at 2–3].

On October 9, 2020, Plaintiff filed her Response in Opposition to the Motion in Limine (hereafter, "Response") [D.E. 58] arguing that the Motion in Limine should be denied because the Report: (1) complies with Rule 26(a)(2)(B); (2) was not filed timely pursuant to Local Rule 26.1(g)(1) of the Southern District of Florida's Local Rules (hereafter, "Local Rule 26.1(g)(1)"); and (3) is actually a Daubert motion filed beyond the prescribed August 10, 2020 deadline. Id.

On October 16, 2020, Plaintiff filed her Reply to the Response (hereafter, "Reply") [D.E. 59].

The undersigned addresses the parties' arguments below.

**DISCUSSION**

1. **Whether the Report complies with Rule 26(a)(2)(B).**

Rule 26(a)(2)(B) states:

(B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this [expert] disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them . . . .

Fed. R. Civ. P. 26(a)(2)(B).

"If a party violates Rule 26(a) . . ., Rule 37(c) [of the Federal Rules of Civil Procedure (hereafter, "Rule 37(c)")] provides for the automatic exclusion of the expert evidence 'unless the failure was substantially justified or is harmless.'" Maunlad Trans Inc. v. Carnival Corp., No. 18-CV-24456, 2020 WL 7481484, at *1 (S.D. Fla. 2020) (citing Fed. R. Civ. P. 37(c)(1)). "The party failing to comply with Rule 26(a) bears the burden of establishing that its non-disclosure was either substantially justified or harmless." Salvani v. Corizon Health, Inc., No. 17-CV-24567, 2019 WL 3410028, at *2 (S.D. Fla. 2019) (citing Surety Assocs., Inc. v. Fireman's Fund Ins. Co., 2003 WL 25669165 (M.D. Fla. 2003)).

"When a treating physician testifies regarding opinions formed and based upon observations made during the course of treatment, the treating physician need not produce a Rule 26(a)(2)(B) report." Torres v. First Transit, Inc., No. 17-CV-81162, 2018 WL 3729553, at *2 (S.D. Fla. 2018) (quoting In re Denture Cream Products Liability Litig., No. 09-MD-2051, 2012 WL 5199597, at *4 (S.D. Fla. 2012)

"By contrast, treating physicians offering opinions beyond those arising from treatment are experts from whom full Rule 26(a)(2)(B) reports are required." Torres, 2018 WL 3729553, at *2

4

(quoting In re Denture Cream Products Liability Litig., 2012 WL 5199597, at *4). "The content of an expert report is adequate when it is sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." Powers v. Target Corporation, No. 19-CV-60922, 2020 WL 1986968, at *9 (S.D. Fla. 2020) (internal quotation marks omitted) (quoting Goodbys Creek, LLC v. Arch Ins. Co., 07-CV-947, 2009 WL 1139575, at * 1 (M.D. Fla. 2009)). "Expert reports must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions." Salgado by Salgado v. Gen. Motors Corp., 150 F.3d 735, 742 n.6 (7th Cir. 1998) (citing Reed v. Binder, 165 F.R.D. 424, 429 (D.N.J. 1996)).

Dollar Tree argues that Dr. Getter should be precluded from offering expert opinions at trial on the following topics because his Report is devoid of an "independent, specific basis for [those] opinions":

  1. The subject alleged slip/trip and fall incident caused Plaintiff's injuries.
  2. Plaintiff will require cervical spine surgery.
  3. Plaintiff will require an additional lumbar spine surgery.
  4. The potential for Plaintiff to re-herniate her spine.
  5. The reasonableness of Plaintiff's medical charges.

See Motion in Limine [D.E. 53 at 4] (citations omitted).

Having reviewed Dr. Getter's Report, the undersigned finds that his opinions numbers 1, 3, and 4 above, namely causation, Plaintiff's need for an additional lumbar spine surgery, and the potential for her to re-herniate her spine, required a Rule 26(a)(2)(B) report because those opinions go beyond those arising from Dr. Getter's treatment of Plaintiff. Torres, 2018 WL 3729553, at *2. Moreover, the Report fails to sufficiently explain "how" and "why" Dr. Getter reached those opinions and does not connect the opinions to the medical treatment recounted and diagnostic images described in the Report. Powers, 2020 WL 1986968, at *9; Salgado by Salgado, 150 F.3d

5

at 742 n.6; see also Cosseboom v. Royal Caribbean Cruises Ltd., No. 20-CV-20343, 2020 WL 9071566, at *4 (S.D. Fla. 2020) ("Expert opinions must be connected to existing data by something more than the 'it is so because I say it is so' of the expert.") (citing Holesapple v. Barrett, 5 F. App'x 177 (4th Cir. 2001)).

With respect to Dr. Getter's opinion number 2 above, namely, Plaintiff will require cervical spine surgery, the undersigned finds the Report to be sufficient because Dr. Getter's opinion on this issue was formed and based upon observations made during Plaintiff's course of treatment with him:

> She had weakness and sensory changes in the upper extremities. This was a direct result to C5-C6 and C6-C7 stenosis as noted in my review of her MRI. I felt her best chance to obtain meaningful and lasting relief and to halt a progression of her neurologic issues was to perform an anterior cervical discectomy and fusion at C5-C6 and C6-C7.

See Report [D.E. 60-1 at 5]. Accordingly, Dr. Getter need not produce a Rule 26(a)(2)(B) report for that opinion. Torres, 2018 WL 3729553, at *2.

With respect to Dr. Getter's opinion number 5, the reasonableness of Plaintiff's medical charges, "Courts consistently allow treating physicians to opine on the reasonableness of a Plaintiff's medical bills." Maluff v. Sam's E., Inc., No. 17-60264-CIV, 2017 WL 5290879, at *3 (S.D. Fla. 2017) (Moreno, J.) (citing Coleman v. Home Depot U.S.A., Inc., 15-CV-21555, 2016 WL 4543120, at *1 (S.D. Fla. 2016)). Accordingly, Dr. Getter need not produce a Rule 26(a)(2)(B) report for that opinion.

In light of the foregoing and pursuant to Rule 37(c), the undersigned recommends that Dr. Getter be precluded from offering at trial opinions numbers 1, 2 and 4 above, namely causation, Plaintiff's need for an additional lumbar spine surgery, and the potential for her to re-herniate her spine, for failure to comply with Rule 26(a)(2)(B). Maunlad Trans Inc., 2020 WL 7481484, at *1;

6

Fed. R. Civ. P. 37(c)(1).

2. **Whether the Motion in Limine was timely pursuant to Local Rule 26.1(g)(1).**

Local Rule 26.1(g)(1) provides, in pertinent part:

(1) Time for Filing. All disputes related to discovery shall be presented to the Court by motion (or, if the Court has established a different practice for presenting discovery disputes, by other Court-approved method) within (30) days from the: (a) original due date (or later date if extended by the Court or the parties) of the response or objection to the discovery request that is the subject of the dispute; (b) date of the deposition in which the dispute arose; or (c) date on which a party first learned of or should have learned of a purported deficiency concerning the production of discovery materials. Failure to present the dispute to the Court within that timeframe, absent a showing of good cause for the delay, may constitute a waiver of the relief sought at the Court's discretion.

S. D. Fla. L. R. 26.1(g)(1).

Plaintiff argues that Dollar Tree waived any argument as to the sufficiency of the Report because it did not raise the issue within Local Rule 26.1(g)(1)'s prescribed time period. See Response [D.E. 58 at 2 n.1]. Local Rule 26.1(g)(1) is inapplicable here because it only applies to discovery disputes and the issues raised in the Motion in Limine are not in the nature of a discovery dispute. Therefore, this argument fails.

3. **Whether the Motion in Limine is actually a Daubert motion.**

Plaintiff further argues that the Motion in Limine should be denied because it is actually a Daubert motion filed beyond the Court's prescribed August 10, 2020 deadline for Daubert motions. See Response [D.E. 58 at 2–3].

Dollar Tree states in its Reply that it is not contending "that Dr. Getter's anticipated testimony is unreliable, irrelevant, or otherwise fails under Daubert." See Reply [D.E. 59 at 2]. Indeed, Dollar Tree's Motion in Limine is not challenging Dr. Getter's qualifications or methodology pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). See Dillon v. Sunbelt Rentals, Inc., 464 F. Supp. 3d 1333, 1337 (S.D. Fla. 2020) ("Under Daubert, a

witness is qualified as an expert if he or she possesses specialized knowledge, skill, experience, training, or education.") (citing <u>Allison v. McGhan Med. Corp.</u>, 184 F.3d 1300, 1310 (11th Cir. 1999)); <u>McCorvey v. Baxter Healthcare Corp.</u>, 298 F.3d 1253, 1257 (11th Cir. 2002) ("Rulings on admissibility under *Daubert* inherently require the trial court to conduct an exacting analysis of the proffered expert's methodology."). Rather, Dollar Tree's Motion in Limine is predicated on Plaintiff's failure to comply with Rule 26(a)(2)(B). Therefore, this argument also fails.

## **RECOMMENDATION**

Based on the foregoing considerations, the undersigned **RESPECTFULLY RECOMMENDS** that the Motion in Limine [D.E. 53] be **GRANTED IN PART** and that, pursuant to Rule 37(c), Dr. Getter be precluded from offering at trial opinions numbers 1, 3, and 4 above, namely causation, Plaintiff's need for an additional lumbar spine surgery, and the potential for her to re-herniate her spine, for failure to comply with Rule 26(a)(2)(B).

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **<u>fourteen</u> days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. <u>See</u> <u>Resolution Tr. Corp. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." <u>See</u> 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this <u>28th</u> day of April, 2021.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:     United States District Judge Jose E. Martinez
        Counsel of Record