**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-24512-CIV-MARTINEZ/AOR**

LILIANA MUNOZ,

      Plaintiff,

v.

DOLLAR TREE STORES, INC.,

      Defendant.

_____ /

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Liliana Munoz's Motion for Adverse

Inference Instruction (hereafter, "Motion for Sanctions") [D.E. 44]. This matter was referred to

the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States

District Judge [D.E. 61]. For the reasons stated below, the undersigned respectfully recommends

that the Motion for Sanctions be DENIED.

## PROCEDURAL AND FACTUAL BACKGROUND

On September 24, 2019, Plaintiff Liliana Munoz ("Plaintiff") commenced this negligence

action against Dollar Tree in Florida state court, as a result of an alleged slip and fall accident at

one of its stores on or about July 4, 2016. See Complaint [D.E. 1 at 15–17]. On October 31, 2019,

this action was removed to the United States District Court for the Southern District of Florida on

the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. See Notice of

Removal [D.E. 1 at 1–4].

On the same day that the slip and fall accident occurred, Dollar Tree's store manager, Nesly

Joseph ("Mr. Joseph") called Sedgwick, Dollar Tree's third-party administrator, to report a claim

pursuant to Dollar Tree policy. See Dollar Tree's Response to the Motion for Sanctions (hereafter,

"Response") [D.E. 51 at 1–2].  The report of that conversation, created by the Sedgwick employee with whom Mr. Joseph spoke (hereafter, "Report"), reflects that Mr. Joseph responded in the affirmative when asked if he had taken photographs of "of the area where the alleged accident took place" (hereafter, "Photographs").  Id. at 1 n.1.

Shortly after the incident, on July 7, 2016 and again on July 13, 2016, Plaintiff's Counsel sent Dollar Tree preservation letters, in which she made the following request:

> If you have any surveillance video that depicts the accident that occurred at your premises on the above referenced date please preserve the video recording so that our firm may review it. Please preserve two hours of the video, beginning one hour prior to the incident, through one hour after the incident.

See Exs. A & B to the Response [D.E. 51-1 & 51-2].

On February 12, 2020, and February 14, 2020, Dollar Tree responded to Plaintiff's written discovery and stated that: it had no photographs of the scene of the slip and fall accident in its possession, custody, or control; and that a summary of a telephonic conversation between a Sedgwick representative and Mr. Joseph was being withheld as work-product privileged.  See Ex. A. to the Motion for Sanctions [D.E. 44-1 at 75–78, 86–91]; Response [D.E. 51 at 6].

On April 29, 2020, Plaintiff deposed Mr. Joseph, who testified that he could not recall whether he had taken photographs of the scene of Plaintiff's alleged slip and fall accident.  See Videotaped Deposition of Mr. Joseph [D.E. 47-6 at 15:6–7].[1]  Mr. Joseph also testified that Dollar Tree does not provide its store managers with cameras to photograph the scene of a fall, and that, if he had ever taken photographs of such an incident, he would have done so using his cellular phone.  Id. at 20:7–24.

On July 7, 2020, following a discovery hearing in this matter, the undersigned ordered Dollar Tree to produce, *inter alia*: the "Photographs . . . capturing the location of the incident

---

[1] Citations are to the deposition transcript.

underlying this case from one-hour prior to the incident to one-hour following the incident"; and "the required predicate for claiming work-product privilege as to the summary of Defendant's store manager's telephonic report." <u>See</u> Order [D.E. 27].  The undersigned's Order further stated that Plaintiff "may seek production of the summary after receipt of [the] submission." <u>Id.</u>  In compliance with the undersigned's Order, Dollar Tree supplemented its responses to Plaintiff's written discovery on July 21, 2020 by: reaffirming that it had no photographs of the scene of the slip and fall accident in its possession, custody, or control; identifying the Report; and articulating a predicate for withholding the Report under the work-product privilege.  <u>See</u> Ex. A. to Motion for Sanctions [D.E. 44-1 at 79–85, 92–99]; Response [D.E. 51 at 4, 6].

On July 22, 2020, Plaintiff deposed Dollar Tree's Rule 30(b)(6) corporate representative, Charles Kettle ("Mr. Kettle"), who testified that:

- In the event of a slip and fall accident, Dollar Tree does not require that the store manager take photographs; and

- Mr. Joseph had advised him the day prior that he could not recall if he had taken photographs of the scene of the slip and fall accident, but if he had done so "he would never find them because his exact words were, 'I have five kids and I've gone through 100 cell phones in the past couple years' . . .  because his kids have destroyed them."

<u>See</u> Videotaped Deposition of Mr. Kettle [D.E. 44-1 at 75:6–24, 81:16–83:15].[2]

At some point between July 24, 2020 and July 30, 2020, Dollar Tree produced the Report to Plaintiff.  <u>See</u> Motion for Sanctions [D.E. 44 at 2 n.1]; Response [D.E. 51 at 4].  Based on the statement in the Report that Mr. Joseph responded in the affirmative when asked if he had taken the Photographs, Plaintiff filed the Motion for Sanctions.

In her Motion for Sanctions, Plaintiff requests that an adverse inference instruction against Dollar Tree be given at trial as a sanction for its purported spoliation of the Photographs, pursuant

---

[2] Citation is to the deposition transcript.

to Rule 37(b) of the Federal Rules of Civil Procedure (hereafter, "Rule 37(b)") and the Court's

inherent powers.  See Motion for Sanctions [D.E. 44].

In its Response, Dollar Tree argues that "[Plaintiff] has not offered any evidence that

Defendant destroyed evidence, much less intentionally[,]" adding that it has "consistently

maintained that it does not have [the] [P]hotographs from its very first discovery responses on

February 12, 2020, and February 14, 2020, respectively."  See Response [D.E. 51 at 5–6].

## DISCUSSION

### 1.  Whether Plaintiff is entitled to Sanctions Pursuant to Rule 37(b).

"Federal Rule of Civil Procedure 37(b) empowers a district court to issue sanctions,

including providing a jury with adverse instructions, if a party 'fails to obey an order to provide or

permit discovery.'"  Higgs v. Costa Crociere S.P.A. Co., 969 F.3d 1295, 1304 (11th Cir. 2020)

(citing Fed. R. Civ. P. 37(b)(2)(A)).  The Motion for Sanctions does not point to any discovery

order issued by the undersigned which Defendant violated or with which Defendant failed to

comply.  Moreover, Dollar Tree's supplemental responses to Plaintiff's written discovery [D.E.

44-1 at 79–85, 92–99] met the requirements of the undersigned's Order issued on July 7, 2020.

Therefore, Plaintiff is not entitled to Rule 37(b) sanctions.

### 2.  Whether Plaintiff is entitled to an adverse inference instruction pursuant to the Court's inherent powers.

"Spoliation is defined as the destruction or significant alteration of evidence, or the failure

to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."

New Concept Dental v. Dental Res. Sys., Inc., No. 17-CV-61411, 2020 WL 3303077, at *4 (S.D.

Fla. 2020) (internal quotation marks omitted) (quoting Austrum v. Federal Cleaning Contractors,

Inc., 149 F. Supp. 3d 1343, 1346 (S.D. Fla. 2016)).

"In this circuit, an adverse inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith."  Bashir v. Amtrak, 119 F.3d 929, 931 (11th Cir. 1997) (citing Vick v. Texas Employment Comm'n, 514 F.2d 734, 737 (5th Cir.1975)); see also Tesoriero v. Carnival Corp., 965 F.3d 1170, 1184 (11th Cir. 2020) ("Spoliation sanctions—and in particular adverse inferences—cannot be imposed for negligently losing or destroying evidence.").  "[B]ad faith 'in the context of spoliation, generally means destruction for the purpose of hiding adverse evidence.'  This consideration is key in evaluating bad faith because the party's reason for destroying evidence is what justifies sanctions (or a lack thereof)."  Tesoriero, 965 F.3d at 1184 (quoting Guzman v. Jones, 804 F.3d 707, 713 (5th Cir. 2015)).  "Mere negligence is not enough, for it does not sustain an inference of consciousness of a weak case."  Tesoriero, 965 F.3d at 1184 (quoting Vick v. Tex. Emp't Comm'n, 514 F.2d 734, 737 (5th Cir. 1975)).  "The party seeking sanctions bears the burden of proving spoliation and bad faith."  Henkle v. Cumberland Farms, Inc., No. 16-CV-14248, 2017 WL 5635400, at *2 (S.D. Fla. 2017) (footnote omitted) (citing Green Leaf Nursery v. E.I. DuPont De Nemours & Co., 341 F.3d 1292, 1308 (11th Cir. 2003)).

Based on the circumstances described above, the undersigned finds that Plaintiff has not satisfied her burden of proving spoliation and bad faith.  See Henkle, 2017 WL 5635400, at *2.  Plaintiff's spoliation argument is entirely premised on one piece of evidence contained in the Report, namely, Mr. Joseph's statement to a Sedgwick employee that he had taken the Photographs.  Against this single statement, Dollar Tree has countered that: Dollar Tree did not provide its store managers with cameras to document in-store falls or require that they photograph the scene of any falls; the fact that Plaintiff's preservation letters requested the preservation of surveillance footage, not photographs; and, if the Photographs did exist, Mr. Joseph told Mr. Kettle

that he would not be able to find them because his children have destroyed a number of his cellular phones.  Thus, even if the Photographs did exist, the evidence does not support a finding that Dollar Tree has acted in bad faith or destroyed the Photographs for the purpose of hiding adverse evidence.  Tesoriero, 965 F.3d at 1184.  Accordingly, the undersigned finds that Plaintiff is not entitled to the sanction she seeks in the form of an adverse inference instruction at trial pursuant to the Court's inherent authority.  Henkle, 2017 WL 5635400, at *2.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned **RESPECTFULLY RECOMMENDS** that the Motion for Sanctions [D.E. 44] be **DENIED.**

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez.  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 30th day of April, 2021.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:     United States District Judge Jose E. Martinez
        Counsel of Record

6