UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number: 19-24512-CIV-MARTINEZ-OTAZO-REYES

LILIANA MUNOZ,
    Plaintiff,

vs.

DOLLAR TREE STORES, INC.,
    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN PART

THE MATTER was referred to the Honorable Alicia M. Otazo-Reyes, United States Magistrate Judge, for a Report and Recommendation on Defendant Dollar Tree Stores, Inc.'s Motion in Limine Directed to Plaintiff's Expert ("Motion in Limine"), [ECF Nos. 53, 61]. Magistrate Judge Otazo-Reyes filed a Report and Recommendation ("R&R"), [ECF No. 66], recommending that the Motion in Limine be granted in part. Plaintiff filed timely Objections to the R&R, [ECF No. 69], arguing that Defendant's Motion in Limine was untimely and that Dr. Getter's expert report complied with Rule 26 of the Federal Rules of Civil Procedure.

The Court, having conducted a *de novo* review of the record and the issues presented in Plaintiff's objections, agrees with Magistrate Judge Otazo-Reyes's conclusion as to the substantive issues regarding Plaintiff's expert report. Nonetheless, the Court declines to exclude Dr. Robert Getter's testimony as to the issues raised in the Motion.

Federal Rule of Civil Procedure 26(a) sets forth requirements for disclosing expert testimony. *See* Fed. R. Civ. P. 26(a)(2). Rule 26 differentiates between disclosures of witnesses who must provide a written report, and those who do not need to provide full reports. *Compare id.* 26(a)(2)(B) *with id.* 26(a)(2)(C). A full written report is required from an expert who is "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." *Id.* 26(a)(2)(B). In contrast, when an expert is not required to provide a written report under subsection (B), the attendant disclosure is "considerably less extensive." Fed. R. Civ. P. 26 Advisory Comm. Notes (2010 Amendments).

"In determining whether a Rule 26(a)(2)(B) report is required, the label of 'treating physician' is irrelevant; instead, the determination turns on the substance of the physician's testimony." *In re Denture Cream Prod. Liab. Litig.*, No. 09-20151-MD, 2012 WL 5199597, at *4 (S.D. Fla. Oct. 22, 2012), *on reconsideration in part*, 2012 WL 13008163 (S.D. Fla. Nov. 14, 2012).

"When a treating physician testifies regarding opinions formed and based upon observations made during the course of treatment, the treating physician need not produce a Rule 26(a)(2)(B) report. By contrast, treating physicians offering opinions beyond those arising from treatment are experts from whom full Rule 26(a)(2)(B) reports are required." *Torres v. First Transit, Inc.*, No. 17-CV-81162, 2018 WL 3729553, at *2 (S.D. Fla. Aug. 6, 2018) (citation and quotation omitted). "A treating physician may be subject to Rule 26(a)(2)(C) as to portions of his or her testimony and may be deemed a retained or specially employed expert who is subject to Rule 26(a)(2)(B) as to other portions." *In re Denture Cream*, 2012 WL 5199597, at *4. And where a written report is required, it "must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions." *Calhoune v. Ford Motor Co.*, No. 17-61702-CIVALTONAGA/Seltzer, 2018 WL 7287871, at *1 (S.D. Fla. Dec. 26, 2018) (internal quotations omitted).

Defendant does not dispute that Dr. Getter provided an expert report pursuant to subsection (B); rather, Defendant argues that, as to five categories of testimony, the report fails to provide an "independent, specific basis for…the opinions" provided therein. [ECF No. 53 at 3]. Referring to Dr. Getter's opinions as "conclusory," Defendant argues that he should be precluded from testifying as to the following categories: (1) causation; (2) Plaintiff will require cervical spine surgery; (3) Plaintiff will require an additional lumbar spine surgery; (4) the potential for Plaintiff to re-herniate her spine; and (5) the reasonableness of Plaintiff's medical charges. *Id*.

The R&R recommends that the Motion be granted as to categories (1), (3), and (4), finding that the report fails to elucidate on the "how" and "why" for Dr. Getter's opinions in violation of Rule 26(a)(2)(B)'s requirements. [ECF No. 66]. The Court generally agrees that some of the

opinions set forth in Dr. Getter's report are conclusory, though not to the extent that Defendant suggests. Defendant's failure to raise the issue in a timely manner, however, waives the relief sought in its Motion.

As required by the Court's April 6, 2020 Order Revising Scheduling Order, Plaintiff timely disclosed Dr. Getter as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). Dr. Getter is also one of Plaintiff's treating physicians. Dr. Getter provided Defendant with a written report that outlined the extent of Dr. Getter's opinions on Plaintiff's injuries. The report indicates that he intended to testify as to the issues Defendant now claims should be excluded, namely (1) causation; (2) that Plaintiff may require additional lumbar spine surgery; and (3) Plaintiff's potential to re-herniate her spine.

Defendant had the opportunity to depose Dr. Getter, not once, but twice—once pre-report on May 15, 2020, and once post-report on July 10, 2020. After receiving the report and deposing Dr. Getter on his opinions contained therein, Defendant did not file any motion to preclude or otherwise strike Dr. Getter's opinions within the discovery period.

On September 10, 2020, over one month after the deadline for filing *Daubert* motions, Defendant filed a motion for extension of time to file a motion in limine as to Plaintiff's expert. [ECF No. 40]. On September 11, 2020, the Court granted the motion for extension but explicitly cautioned Defendant "that the extension shall not be construed as an extension of the deadline for *Daubert* motions, which were due over one month [prior]." [ECF No. 41]. The instant Motion in Limine was filed on September 25, 2020.

Judge Otazo-Reyes determined that Local Rule 26.1(g) does not apply because the motion does not involve a discovery dispute. While in the general sense, a motion in limine usually deals with evidentiary disputes rather than discovery disputes, the substance of Defendant's motion reflects that this is indeed a motion for failure to comply with the Federal Rules of Civil Procedure on discovery—namely, Rule 26. Because the Court explicitly warned Defendant that it was not extending the *Daubert* deadline, Defendant's arguments center around whether Dr. Getter's Rule 26(a)(2)(B) report is a sufficient disclosure—bringing the motion precisely within the gambit of

Local Rule 26.1(g).

Indeed, these facts underscore the importance of Local Rule 26.1(g)'s timeliness requirements. The *Daubert* deadline has long passed, and the testimony Defendant seeks to preclude, such as causation, requires the Court "to perform its essential gatekeeping function as required by *Daubert*." *Wilson v. Taser Intern., Inc.*, 303 F. App'x 708, 712–13 (11th Cir. 2008) (finding that the expert treating physician's "opinions on causation…clearly fall within Federal Rule of Evidence 702's scope of 'scientific knowledge' and must satisfy *Daubert*"); *see United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) (treating physician's diagnosis of jaw fracture is permissible lay opinion but statement as to cause of fracture required written report). Defendant's failure to object to the expert report in a timely fashion prevents the Court from performing its gatekeeping role within the confines of its Scheduling Order.

In sum, this is a discovery issue. The Court agrees to an extent that Dr. Getter's opinions as to categories (1), (3), and (4) are somewhat conclusory. However, Local Rule 26.1(g)(1), which the Court finds applicable, requires Defendant to object to any insufficient disclosure in a timely manner. *See* S.D. Fla. L.R. 26.1(g)(1). The Rule cautions that "[f]ailure to present the dispute to the Court within that timeframe, absent a showing of good cause for the delay, may constitute a waiver of the relief sought at the Court's discretion." *Id.* Defendant did not present the dispute to the Court until approximately four months after Dr. Getter's expert report was provided during the discovery process. In the meantime, Defendant had deposed Dr. Getter twice. Defendant has not provided any justification, let alone good cause, for the delay in disputing the sufficiency of the expert report until after the close of discovery and after the *Daubert* deadline had passed. As such, pursuant to Local Rule 26.1(g)(1), the Court deems the relief sought by Defendant waived. *Id.*

Nonetheless, because the Court is required to perform a gatekeeping function on expert opinions, the Court will require Dr. Getter to supplement his report as to the three issues outlined in the R&R. Should Defendant still find the report conclusory, it may raise that argument as an objection at trial during Dr. Getter's testimony and the Court will rule appropriately.

After careful consideration, it is hereby:

**ADJUDGED** that United States Magistrate Judge Otazo-Reyes's Report and Recommendation, [ECF No. 67], is **ADOPTED IN PART AND REJECTED IN PART**. Accordingly, it is:

**ADJUDGED** that

1. Defendant's Motion in Limine, [ECF No. 53], is **DENIED.**

2. As to categories (2) and (5), the R&R is **AFFIRMED and ADOPTED.**

3. As to categories (1), (3), and (4), the R&R is **REJECTED.**

4. Plaintiff shall provide a supplemental expert report as to categories (1), (3), and (4) to Defendant **on or before June 4, 2021**. Defendant shall not be permitted to take any further depositions of Dr. Getter.

5. Although this Court has denied the above-referenced motion in limine, counsel SHALL seek permission of this Court to address such issues, in a sidebar conference or outside of the presence of the jury, prior to addressing such issues, in order to obtain this Court's ruling on the issues. This Court ADVISES counsel to tread lightly around these issues and to exercise an abundance of caution. Failure to comply with this Court's order SHALL result in appropriate sanctions for failure to obey this Court's orders.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of May, 2021.

_Jose E. Martinez_
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record